**UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY**

IN RE:                                        )
                                              )
ROBERT L. SCHMITT COMPANY    )         CASE NO.  03-38910
                                              )
                            Debtor       )


**MEMORANDUM-OPINION**

This matter came before the Court for an evidentiary hearing on January 17, 2006 on the Objection of the Debtor Robert L. Schmitt Company ("Debtor") to the claim of Creditor Weber & Rose, P.S.C. ("Weber & Rose").  The Court considered the written submissions of the parties, the testimony of the witnesses at the hearing and the arguments of counsel.  For the following reasons, the Court **OVERRULES** the Debtor's Objection.  An Order accompanies this Memorandum-Opinion.

**FACTS**

In May of 2003, Debtor's President, Cristi Carson, met with counsel at Weber & Rose regarding the possibility of filing a Voluntary Chapter 11 Petition on behalf of the Debtor.  Debtor was under substantial pressure from the IRS due to unpaid taxes.  Weber & Rose' bankruptcy counsel recommended that Carson meet with Weber & Rose attorney, Michael Lannon, regarding the Debtor's tax issues.

Lannon recommended several courses of action including attempting to negotiate with the appropriate taxing authorities on the unpaid taxes.  Faced with the threat of closure of the business by the taxing authorities, Lannon recommended Debtor file suit against the IRS.  Lannon explained that the procedure was new and that it had not been tested in this jurisdiction at that time.  Lannon

also informed Carson that by instituting suit, the company could buy time in order to find new financing. The suit was ultimately dismissed, but did afford the Debtor an opportunity to investigate possible funding sources and alternatives and prevent closure of the Debtor's business. Ultimately, these efforts were unsuccessful and Debtor sought the protection of this Court by filing a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code on January 13, 2004.

Weber & Rose billed Debtor monthly for its services from June 2003 through November of 2003. The services were reasonable and necessary. At the time that Debtor's Petition was filed, the unpaid bill for services totaled $7,688.14.

On Schedule F to the Petition, Debtor listed Weber & Rose as an unsecured creditor with an undisputed claim of $7,688.14.

On January 13, 2004, Weber & Rose filed its Proof of Claim in the amount of $7,688.14.

On May 31, 2004, the Court entered an Order confirming Debtor's Chapter 11 Plan of Reorganization. The Plan states that Weber & Rose is a Class 5 creditor having an allowed unsecured claim in the amount of $7,688.14.

On November 3, 2005, Debtor filed an Omnibus Objection to Claim of Several Unsecured Creditors which included an Objection to Weber & Rose's claim, stating "Debtor challenges and disputes the validity of the claim in its entirety."

On November 16, 2005, Weber & Rose filed its Response to Omnibus Objection to Claim of Several Unsecured Creditors stating that Debtor had never previously contested its claim and that the claim was valid.

## LEGAL ANALYSIS

Pursuant to Rule 3003 of the Federal Rules of Bankruptcy Procedure, the schedule of liabilities filed pursuant to 11 U.S.C. §521(1) constitutes "*prima facie* evidence of the validity and amount" of a claim, unless it is scheduled as disputed, contingent or unliquidated. In the case at bar, Debtor scheduled Weber & Rose's claim in the amount of $7,688.14 and did not list the claim as disputed, contingent or unliquidated. Debtor also referenced the claim in its confirmed Plan. At the hearing held January 17, 2006, Debtor failed to set forth any evidence to rebut the presumption of the validity of the claim.

Debtor contends that it received no benefit or assistance in resolving its tax issues in the imminent threat of closure of the business by the taxing authorities. The evidence put forth at the hearing established the lack of merit of these claims. The evidence clearly established that the efforts of Weber & Rose in negotiating with the taxing authorities and by filing suit served to give the Debtor valuable time to find new sources of funding or financing for the business. Debtor's efforts in this regard were unsuccessful. However, the business was not closed by the taxing authorities and Debtor ultimately sought the protection of this Court. The evidence established that Debtor did indeed receive value for the services provided by Weber & Rose. The amounts billed were reasonable and the services were necessary. Weber & Rose's claim must be allowed.

Even if the evidence at the hearing had raised a question regarding validity of the billing by Weber & Rose, the Court would still have grounds to overrule the Debtor's Objection. Weber & Rose correctly notes that the Order of Confirmation is binding on the Debtor. The *res judicata* effect of a confirmation order is well settled law. Sanders Confectionery Products, Inc. v. Heller Financial, Inc., 973 F.2d 474, 480 (6th Cir. 1992) (an order confirming a plan of reorganization

3

constitutes a final judgment in bankruptcy proceedings); In re Chattanooga Wholesale Antiques, Inc., 930 F.2d 458, 463 (6th Cir. 1991) ("Confirmation of plan of reorganization by the bankruptcy court has the effect of a judgment by the district court and *res judicata* principles bar litigation of any issues raised or that could have been raised in the confirmation proceedings.") The Weber & Rose claim shall be treated in accordance with the Order of Confirmation.

## CONCLUSION

For all of the above reasons, the Objection of Debtor Robert L. Schmitt Company to the claim of creditor Weber & Rose, P.S.C. is **OVERRULED**. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ROBERT L. SCHMITT COMPANY | ) | CASE NO. 03-38910 |
| | ) | |
| Debtor | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Objection of Debtor Robert L. Schmitt Company to the claim of Creditor Weber & Rose, P.S.C., be and hereby is, **OVERRULED**. The unsecured claim of Weber & Rose in the amount of $7,688.14 is allowed.